56 F.3d 59
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
William HARRIS, Defendant, Appellant.
 No. 94-1686.
 United States Court of Appeals,
First Circuit.
 May 24, 1995.
 
 Juan E. Alvarez-Cobian, Assistant Federal Public Defender, with whom Benicio Sanchez Rivera, Federal Public Defender, was on brief for appellant.
 Sonia I. Torres, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega Pacheco, Assistant United States Attorney, were on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before CYR, Circuit Judge, COFFIN, Senior Circuit Judge, and BOWNES, Senior Circuit Judge.
 BOWNES, Senior Circuit Judge.
 
 
 1
 In this case we again confront an issue that arises all too frequently: What are the consequences when the government violates Fed. R. Crim. P. 16 by failing to make timely disclosure of evidence to which defendant is entitled? We find that in this case there are none ... except an admonition.
 
 I.
 
 2
 Defendant-appellant, William Harris, was indicted, tried and convicted by a jury for aiding and abetting the possession of cocaine by another with intent to distribute it and for aiding and abetting another to import the cocaine into the United States.[1]
 
 
 3
 Federal Rule of Criminal Procedure 16(a)(1) D provides:
 
 
 4
 (D) Reports of Examinations and Tests. Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.
 
 
 5
 Prior to trial, defendant had requested, pursuant to Fed. R. Crim. P. 12(d)(2),[2] that the government notify him of any evidence in chief discoverable under Rule 16.
 
 
 6
 On the first day of trial the government announced that a chemist would testify the next day as to the tests made on the cocaine seized and the results of those tests. There was a prompt objection by defendant to the admission of the chemist's testimony and laboratory reports. Defense counsel pointed out that it had moved for information as to expert witnesses, including chemists, and their reports; that the motion had been granted by the magistrate; and that, therefore, the government had violated Fed. R. Crim. P. 16. Defense counsel argued that because he had not seen the report until "today" he could not effectively prepare to cross-examine the chemist the next day because he would need the help of a chemist to analyze the report. The district court observed that counsel had "all evening to read that report and prepare for the cross-examination."
 
 
 7
 The prosecutor said the report was not received from the DEA laboratory until the day trial started, February 14, 1994, and a copy was immediately furnished to defense counsel. Defense counsel pointed out that the report was dated January 11, 1994, so that the government, albeit not the prosecutor, had the report for over a month.
 
 
 8
 After listening to defense counsel, the court overruled his objection to the introduction of the testimony of the DEA chemist and her laboratory report. The court observed that defense counsel was experienced and had dealt with these kind of reports "for many years." The court concluded the hearing on the motion to exclude the evidence by saying,
 
 
 9
 You are a good lawyer and you examine them closely this evening and you will be ready for tomorrow. That's it.
 
 
 10
 The next day defense counsel, without waiving his objection to the introduction of this evidence, stated he was "willing to stipulate the testimony of the chemist, as to the fact that the substance was cocaine and the amount and the purity of that."
 
 
 11
 Although defense counsel did not explicitly ask for a continuance, it is evident from the court's remarks that such a request would not have been granted.
 
 II.
 
 12
 We start our analysis with the compelled finding that the government violated Federal Rule of Criminal Procedure 16(a)(1)(D). But this does not automatically mean, as defense counsel seems to assume, that there must either be a reversal or a new trial. Unfortunately, such violations do occur from time to time and a solid body of case law has developed in this area.
 
 
 13
 The fundamental rule is that there can be no reversal for a violation of Fed. R. Crim. P. 16 unless there is an abuse of discretion by the trial court and prejudice to defendant. "To obtain reversal, the defendant must prove that the district court abused its discretion which resulted in prejudice to the defense." United States v. Tajeddini, 996 F.2d 1278, 1287 (1st Cir. 1993). See also United States v. Sepulveda, 15 F.3d 1161, 1178-89 (1st Cir. 1993), cert. denied, 114 S. Ct. 2714 (1994); United States v. Alvarez, 987 F.2d 77, 85 (1st Cir.), cert. denied, 114 S. Ct. 147 (1993); United States v. Nickens, 955 F.2d 112, 126 (1st Cir.), cert. denied, 113 S. Ct. 108 (1992); United States v. Caudill, 915 F.2d 294, 299 (7th Cir. 1990).
 
 
 14
 Although an argument can be made that there was an abuse of discretion here, we need not consider that question at all. There can be no doubt that defendant has utterly failed to show any prejudice. We have no way of knowing how the laboratory report could have prejudiced defendant. Defendant's only argument is that he was denied the time necessary to go over the report and prepare for cross-examination. But unless the report was inaccurate in some important respect, cross- examination would have been a futile gesture. Moreover, defendant had plenty of time to have a chemist of his own choice examine the report between the verdict and sentencing. Any flaws in it could have been brought to the attention of the court and subsequently to us on appeal. This was not done. Although there was a violation of Rule 16, there was no showing of prejudice. See United States v. Mack, 892 F.2d 134, 136 (1st Cir. 1989), cert. denied, 498 U.S. 859 (1990). The judgment below must be Affirmed.
 
 
 15
 We add a postscript. The United States Attorney has a continuing obligation to see to it that the Federal Rules of Criminal Procedure are followed. Here a laboratory report that was an essential element of the government's proof and clearly subject to the disclosure requirements of Rule 16 was completed more than thirty days prior to the start of trial. For some unexplained reason it sat in the DEA office in Miami, Florida, until trial started. The United States Attorney had the primary duty to obtain the report so that it could be timely disclosed to defendant.
 
 
 
 [1]
 The implicated statutes are: 21 U.S.C. Secs. 841(a)(1), 952(a) and 18 U.S.C. Sec. 2
 
 
 [2]
 The rule provides:
 At the arraignment or as soon thereafter as is practicable, the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this Rule, request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitation prescribed in Rule 16.